**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| **RYAN WILKINS,** | § | |
| **Plaintiff,** | § | |
| | § | **CASE NO. 8:22-cv-00239** |
| **v.** | § | |
| | § | |
| **UNION PACIFIC RAILROAD COMPANY AND LEONARD SHERER,** | § | |
| | § | |
| **Defendants.** | § | |

**DEFENDANT UNION PACIFIC RAILROAD COMPANY'S BRIEF IN SUPPORT OF ITS MOTION TO SEAL PLAINTIFF'S COMPLAINT AND JURY DEMAND, OR IN THE ALTERNATIVE TO CONTINUE TO RESTRICT PUBLIC ACCESS AT THIS TIME AND REQUIRE WILKINS TO WITHDRAW HIS COMPLAINT AND JURY DEMAND AND FILE AN AMENDED COMPLAINT**

Defendant Union Pacific Railroad Company files this its brief in support of its Motion as follows:

## INTRODUCTION

Plaintiff Ryan Wilkins formerly represented Union Pacific Railroad Company ("Union Pacific") as a Senior General Attorney on its in-house labor and employment team in Omaha. Wilkins voluntarily resigned his Union Pacific employment on August 5, 2019 with no notice to accept a position as the General Counsel of Streck, Inc.

Wilkins is licensed to practice law in Nebraska and has continued to actively practice law in Nebraska since he resigned his employment with Union Pacific. He therefore is subject to the Nebraska Rules of Professional Conduct. Consistent with those Rules, Union Pacific, through its attorney, requested, through his attorney, that Wilkins honor his ongoing ethical obligations to

Union Pacific that preclude the disclosure by Wilkins of attorney-client privileged communications and preclude the disclosure by Wilkins of Union Pacific's confidential information. Based on those ongoing ethical obligations, Union Pacific requested that Wilkins dismiss the Complaint he filed initiating this lawsuit on June 30, 2022 by close of business on July 7, 2022, and seek to refile the Complaint under seal should he wish to pursue the lawsuit. Wilkins did not comply with that request, thereby necessitating that Union Pacific continue its efforts to have the Complaint sealed. For purposes of its Motion and this Brief, Union Pacific of course is not reciting the portions of the Complaint in this public filing that disclose attorney-client privileged communications and Union Pacific's confidential information. However, those portions will be readily apparent from *in camera* inspection of the Complaint by the Court.

## LEGAL ANALYSIS

The duty to maintain client confidentiality is one of the utmost duties of any lawyer. "A lawyer ***shall not*** reveal ***information*** relating to the representation of a client unless the client gives informed consent." Neb. S. Ct. R. §3-501.6(a) (emphasis added). Non-disclosure is a "fundamental principle" contributing to the "trust that is the hallmark of the client-lawyer relationship." Neb. S. Ct. R. §3-501.6 cmt. 3. Importantly, the ethics rules use the word "information," which is intentionally broader than merely "communications." Exceptions to maintaining confidentiality exist when "reasonably necessary . . . to establish a claim or defense on behalf of the lawyer in a controversy between the lawyer and the client." Neb. S. Ct. R. §3-501.6(b)(3). However, that does not mean public disclosure of attorney-client privileged communications or public disclosure of client confidential information is permitted.

> In pursuing a retaliatory discharge claim, however, the lawyer must limit disclosure of confidential client information to the extent possible. A comment to [Model] Rule 1.6

> provides that "[a] lawyer must make every effort practicable to avoid unnecessary disclosure of information relating to a representation, to limit disclosure to those having the need to know it, and to obtain protective orders or make other arrangements limiting the risk of disclosure." The measures necessary to protect information that may be disclosed will be unique to every situation. For example, a lawyer should consider the protections offered by an *in camera* review at a pre-trial evidentiary hearing. To protect unnecessary disclosure of confidential information, a lawyer should consider that a court seal the record of the proceedings and consider in an appropriate case whether the action should go forward without disclosing even the names of the parties.

ABA Comm. On Ethics and Prof'l Responsibility, Formal Opinion 01-424 (2001).

Cases involving the exact scope of confidential and privileged information for in-house counsel in subsequent actions against their employer or former employer are few. The general consensus is that although such claims are not barred, the permitted disclosure of otherwise confidential and privilege information should be narrowly tailored to meet the circumstances. *See, e.g.*, *Van Asdale v. Int'l Game Tech.*, 577 F.3d 989, 995-96 (9th Cir. 2009) (allowing limited disclosure of relevant facts); *Willy v. Admin. Rev. Bd.*, 423 F.3d 483, 500 (5th Cir. 2005) (citing ABA Comm. On Ethics and Prof'l Responsibility, Formal Opinion 01-424 (2001) and the limited disclosure of information); *Kachmar v. SungGard Data Systems, Inc.*, 109 F. 3d 173, 182 (3rd Cir. 1997) (stating district court may use a number of equitable measures such as sealing and protective orders to allow attorney plaintiff to attempt to make the necessary proof while protecting client confidences subject to the privilege from disclosure and preserving the core values of the attorney-client relationship).

Although Wilkins is no longer an attorney for UP, he still owes UP, as a former client, a duty of confidentiality, which applies in all situations. Under Nebraska statutory law, a client may "refuse to disclose and to prevent any other person from disclosing confidential communications made for the purpose of facilitating the rendition of professional legal services to the client (a) between himself or his representative and his lawyer or his lawyer's representative." Neb. Rev.

Stat. §27503. This is what Union Pacific is seeking to do here through the filing of its Motion since Wilkins has ignored Union Pacific's request to honor his ongoing ethical obligations. If the Complaint is permitted to be on file with public access, either attorney-client privileged communications or confidential client information, or both will be disclosed. For example, many law firms, including the law firm of defendants' counsel, use a service that tracks the filing of litigation against certain companies the law firm specifies. Undoubtedly Union Pacific would be on the list for many law firms in Nebraska and throughout the country. The service emails a notice of newly filed litigation to the participating law firms with an offer to obtain a copy of the Complaint for the recipient. In this case, because public access to the Complaint was temporarily restricted at the request of Union Pacific pending the resolution of this Motion, the Complaint has not yet been widely disseminated. However, it will be unless it is sealed.

## CONCLUSION

Allowing public access to the Complaint necessarily will result in the public disclosure by Wilkins of information he is ethically obligated to protect from disclosure and harm his former client, Union Pacific. Therefore, Union Pacific asks this Court to prevent that result by sealing the Complaint, or, in the alternative, by continuing to restrict public access, ordering Wilkins to withdraw his Complaint and Jury Demand and, should he choose to pursue his claims, to file an Amended Complaint that does not disclose attorney-client privileged communications and Union Pacific's confidential information.

Respectfully submitted,

By: ______________________________

LINDA C. SCHOONMAKER
Texas Bar No. 17806300
Federal ID No. 10662
SEYFARTH SHAW LLP
700 Milam Street, Suite 1400
Houston, Texas 77002
lschoonmaker@seyfarth.com
Telephone: (713) 225-2300
Facsimile: (713) 225-2340

**ATTORNEY FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing instrument was properly forwarded to counsel of record indicated below via ECF notification on this the 8th day of July, 2022.

Jennifer Turco Meyer
Dyer Law, PC LLO
2611 S. 117th Street
Omaha, NE 68144

______________________________
Linda C. Schoonmaker