IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RYAN D. WILKINS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>UNION PACIFIC RAILROAD COMPANY<br>and LEONARD SHERER,<br><br>　　　　　Defendants. | 8:22CV239<br><br>**ORDER** |

　　　　This matter is before the Court for further consideration of defendant Union Pacific Railroad Company's ("Union Pacific") "Emergency Motion for an Order Temporarily Abating Plaintiff's Filing of Redacted Complaint" (Filing No. 40). Union Pacific asked the Court to "direct [Plaintiff Ryan D. Wilkins ("Wilkins")] to wait 21 days before publicly filing his anticipated redacted complaint—or if Union Pacific files a mandamus petition within that time, until the petition is decided." Union Pacific stated the delay would give it "a fair opportunity to decide whether to seek mandamus review" and "give the parties a chance to negotiate a mutually accepted resolution" to their dispute regarding privileged and confidential information in Wilkins's pleading.

　　　　On February 10, 2023, the Court granted the motion in part and entered a temporary stay to allow Wilkins an opportunity to respond to Union Pacific's "emergency" motion and to prevent any prejudice to Union Pacific in the interim. Wilkins has now stated its firm opposition to Union Pacific's motion (Filing No. 42). Noting this issue has been thoroughly litigated since July 2022, Wilkins contends the motion is both procedurally and substantively deficient. In Wilkins's view, Union Pacific has not shown good cause for further delaying the progression of this case, *see Jones v. Clinton*, 72 F.3d 1354, 1364 (8th Cir. 1996) ("Traditionally, an applicant for a stay has the burden of showing specific hardship or inequity if he or she is required to go

forward."), and cannot claim to have been surprised by the Court's order affirming the decision of the magistrate judge. Wilkins's arguments are well-taken.

At this point, the Court finds it unlikely at best that the parties will reach some sort of mutual agreement that has eluded them for the past several months while they actively litigated this issue. Wilkins's response makes clear that he is determined to file the redacted Complaint and move forward. The Court further finds Union Pacific has had more than an enough time to decide whether to seek the "drastic and extraordinary" remedy of mandamus in this case. *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380 (2004) (quoting *Ex parte Fahey*, 332 U.S. 258, 259 (1947)). Not only should Union Pacific have anticipated that it might not prevail on its challenge to the magistrate judge's decision, but it has also had another full week to mull things over.

Seeing no compelling reason for further delay,

IT IS ORDERED:

1. The temporary stay imposed by the Court on February 10, 2023, is lifted.
2. Defendant Union Pacific Railroad Company's request for an order further delaying plaintiff Ryan D. Wilkins's filing of a redacted complaint is denied.
3. Wilkins shall file a redacted copy of the complaint pursuant to Court's Memorandum and Order (Filing No. 39).

Dated this 17th day of February 2023.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge