## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **RYAN D. WILKINS,**<br><br>    **Plaintiff,**<br><br> vs.<br><br>**UNION PACIFIC RAILROAD COMPANY, and LEONARD SHERER,**<br><br>    **Defendants.** | **8:22CV239**<br><br>**SECOND AMENDED CASE PROGRESSION ORDER** |

   This matter comes before the Court on the parties' Joint Motion to Modify Progression Order (Filing No. 98). After review of the parties' motion, the Court finds good cause to grant the requested extensions. Accordingly,

   **IT IS ORDERED** that the Joint Motion to Modify Progression Order (Filing No. 98) is granted, and the case progression order is amended as follows:

1) The deadlines for completing expert disclosures[1] for all experts expected to testify at trial, (both retained experts, (Fed. R. Civ. P. 26(a)(2)(B)), and non-retained experts, (Fed. R. Civ. P. 26(a)(2)(C)), are as follows:

   | | |
   |---|---|
   | For the plaintiff: | **January 22, 2024** |
   | For the defendants: | **March 11, 2024** |
   | Plaintiff's rebuttal: | **March 25, 2024** |

2) The planning conference scheduled for March 13, 2024, is cancelled. The trial and pretrial conference will not be set at this time. A planning conference to discuss case progression, dispositive motions, the parties' interest in settlement, and the trial and pretrial conference settings is scheduled with the undersigned magistrate judge on **March 26, 2024**, at **11:30 a.m.** by telephone. Counsel shall use the conferencing instructions assigned to this case to participate in the conference.

3) The deposition deadline, including but not limited to depositions for oral testimony only under Rule 45, is **March 29, 2024**.

4) The deadline for filing motions to exclude testimony on *Daubert* and related grounds is **April 15, 2024**.

5) The deadline for filing motions to dismiss and motions for summary judgment is **May 3, 2024**.

---

[1] While treating medical and mental health care providers are generally not considered "specially retained experts," not all their opinions relate to the care and treatment of a patient. Their opinion testimony is limited to what is stated within their treatment documentation. As to each such expert, any opinions which are not stated within that expert's treatment records and reports must be separately and timely disclosed.

6) The parties shall comply with all other stipulations and agreements recited in their Rule 26(f) planning report that are not inconsistent with this order.

7) All requests for changes of deadlines or settings established herein shall be directed to the undersigned magistrate judge. Such requests will not be considered absent a showing of due diligence in the timely progression of this case and the recent development of circumstances, unanticipated prior to the filing of the motion, which require that additional time be allowed.

Dated this 9th day of January, 2024.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge