**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| RYAN D. WILKINS, | |
| **Plaintiff,** | **8:22CV239** |
| vs. | **ORDER** |
| UNION PACIFIC RAILROAD COMPANY, and LEONARD SHERER, | |
| **Defendants.** | |

This matter comes before the Court following the telephone conference held with counsel for the parties on July 10, 2025, regarding Union Pacific's supplemental objections to Plaintiff's Request No. 2 on the basis that the subject Values Line reports and corresponding investigation are protected by the attorney-client privilege and/or attorney work product doctrine.  As directed by the Court, on July 17, 2025, Filing No. 168, Union Pacific emailed the withheld documents to the undersigned magistrate judge for *in camera* review, together with a supplemental privilege log and a letter.  Plaintiff also emailed the undersigned magistrate judge an additional letter and materials regarding this dispute.  On July 18, 2025, counsel for Union Pacific requested an extension of time to July 22, 2025, to provide a response to Plaintiff's Letter requesting production of additional Values Lines Reports referenced in the May 5, 2023, Letter of Reprimand issued to Leonard Sherer, and issue Union Pacific viewed "as separate and distinct from the privilege issue currently before the Court."  The Court granted Union Pacific the requested extension, and Union Pacific submitted an additional letter on July 22, 2025.

After review of the documents submitted to the Court for in camera review, the undersigned magistrate judge determines that the Value Lines Reports Bates labeled PRIV-UP-211239-211243, PRIV-UP-211244-211248 are responsive to Plaintiff's Request for Production of Documents No. 2, and not protected by attorney-client privilege nor work product doctrine. These reports shall be produced without redaction.  See *United States v. Spencer*, 700 F.3d 317, 320 (8th Cir. 2012) (citing *United States v. Horvath*, 731 F.2d 557, 561 (8th Cir. 1984)) ("The attorney-client privilege protects confidential communications between a client and his attorney made for the purpose of facilitating the rendering of legal services to the client."); *In re Bieter Co.*, 16 F.3d 929, 941 (8th Cir. 1994) (providing that the attorney-client privilege "only protects

disclosure of communications; it does not protect disclosure of the underlying facts by those who communicated with the attorney[.]").

The undersigned magistrate judge finds The Internal Investigation Report Bates labeled PRIV-UP-211232-211238 is responsive to Plaintiff's Request for Production of Document No. 2, but it is protected by attorney-client privilege and/or work product doctrine. See Fed. R. Civ. P. 26(b)(3) (protecting from disclosure discovery materials "prepared in anticipation of litigation"); *Crutcher-Sanchez v. Cty. of Dakota, Neb.*, No. 8:09CV288, 2011 WL 612061, at *7 (D. Neb. Feb. 10, 2011) ("[F]actual investigations performed by attorneys as attorneys fall comfortably within the protection of the attorney-client privilege.") (citation omitted). This report shall not be produced, with or without redaction.

Finally, Plaintiff's request for Value Line complaints referenced in the First and Final Letter of Reprimand to Employee Personnel File Bates stamped CONFIDENTIAL UP 200042 is deemed moot by the defendant's production of the Value Lines Reports Bates labeled PRIV-UP-211239-211243, PRIV-UP-211244-211248.

On the Court's own motion, the deadline for filing objections to the undersigned magistrate judge's June 26, 2025, rulings under NECivR 72.2 is extended to July 31, 2025.

**IT IS SO ORDERED.**

Dated this 22nd day of July, 2025.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge