## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RYAN D. WILKINS, | |
| **Plaintiff,** | **8:22CV239** |
| vs. | **ORDER** |
| UNION PACIFIC RAILROAD COMPANY, and LEONARD SHERER, | |
| **Defendants.** | |

This matter comes before the Court following the telephone conferences held with counsel for the parties on March 6 and 19, 2026, regarding discovery disputes that arose during depositions. In advance of the March 6, 2026, telephone conference, the Court received and reviewed the parties' Joint Summary Statement of the Discovery Dispute and their supporting materials. Following the March 6, 2026, hearing, the Court directed the parties to submit additional materials to the Court. After reviewing the parties' additional materials, the Court scheduled a second telephonic hearing to resolve all the issues raised by the parties. The Court's rulings were stated on the record during the calls, summarized below:

**Issue 1**: Attorneys' Eyes-Only Designation of Sherer's Settlement

Defendant Union Pacific produced copies of paystubs showing the amount of money paid to Defendant Sherer to settle his FRSA claims asserted against Union Pacific with an "Attorneys' Eyes Only" ("'AEO") designation pursuant to the parties' Protective Order, Filing No. 59. Plaintiff disputes that this information is of such a highly sensitive nature, that it warrants being kept confidential from the Plaintiff.

Union Pacific asserts it properly designated said documents CONFIDENTIAL – ATTORNEY'S EYES ONLY ("AEO") because the documents are "non-public . . . financial, personal . . . information" pursuant to Section 3 of the Court's Protective Order. Defendant Sherer concurs with Union Pacific's position.

The Court found Union Pacific properly designated the documents as AEO.

**Issue 2**: Defendants' Privilege Objections During Depositions

Plaintiff sought the Court's rulings on Defendants' claims of attorney client privilege and work product that occurred during depositions of Defendant Sherer, Craig Richardson, and the Rule 30(b)(6) deposition with designee Sarah Yrkoski. To the extent the Court overruled those objections, Plaintiff requested leave to depose the witnesses a second time. Plaintiff also asserted Union Pacific's counsel improperly objected to and instructed Yrkoski not to answer questions about her preparation for the 30(b)(6) deposition.

The Court rejected Defendants' argument that Plaintiff should have raised concerns with the Court in real time during the deposition instead of preserving the issue to present it to the Court after the depositions. However, after reviewing the deposition transcripts, the Court sustained Defendants' privilege objections on their merits during the Sherer and Richardson depositions.

The Court found Union Pacific's objections and instructions not to answer Plaintiff's questions regarding Yrkoski's preparation were not properly made, and instructed Union Pacific to prepare and provide to Plaintiff's counsel a declaration regarding Yrkoski's preparation to testify as a Rule 30(b)(6) witness.

**Issue 3**: Union Pacific's Objections to Rule 30(b)(6) Topic #21

Plaintiff argues Union Pacific improperly objected to Plaintiff's 30(b)(6) Topic No. 21, on the basis that the undersigned magistrate judge's Order on June 26, 2025 (Filing No. 158-2), as affirmed by Judge Bazis' Order of November 19, 2025 (Filing No. 176), limited the scope of Topic 21 "to communications between Sherer and Lischer about employee injury reports and complaints between October 2018 and September 2019."

After review of the prior orders and the topic, the Court sustained Union Pacific's objection and limitation of Topic 21.

**Issue 4**: Motion to Compel 30(b)(6) Witness Testimony

Plaintiff argues that Union Pacific's designated witness was not prepared adequately to testify regarding Topics 3, 4, and 21 of Plaintiff's deposition notice. The Court found Union Pacific's Rule 30(b)(6) deposition designee could have been better prepared to answer Topics 3 and 4 of Plaintiff's Rule 30(b)(6) deposition notice, and directed the parties to meet and confer as

to how to remedy that deficiency. The parties have since scheduled a second Rule 30(b)(6) deposition regarding Topics 3 and 4 for April 1, 2026.

**Issue 5**: Supplemental Document Production

Plaintiff asserted that during depositions, he discovered documents that have been withheld from production that need to be supplemented by Defendants.  Specifically: Values Line Reports about Defendant Sherer; Documents related to Defendant Sherer's Coaching Program; Defendant Sherer's Demand Letters to Defendant Union Pacific; Subpoenas to OSHA and the NEOC for Defendant Sherer's Complaint Files; and 2019 RIF Worksheet.

The Court found Defendants' position should be sustained and that the additional document production requested by Plaintiff was not necessary or proportional to the case, or otherwise sought attorney-client/work product privileged information, with the exception of Sherer's November 2023 demand letter to Union Pacific, which was withheld on privilege grounds.  Following the Court's *in camera* review of Sherer's demand letter to Union Pacific, the Court found it should be produced to Plaintiff, subject to review of Union Pacific's proposed redactions.  The Court approved of Union Pacific's proposed redactions with one exception beginning on page 5 with the first sentence of the last paragraph, as discussed on the record during the March 19, 2026, telephone call. [1]

**Issue 6**: Deposition of Rebecca Gregory

Plaintiff requested leave to depose Rebecca Gregory, a Union Pacific attorney, after Plaintiff "discovered for the first time that Mr. Sherer's discipline on May 5, 2023, was related to an incident with Rebecca Gregory wherein they had a disagreement about Plaintiff's claims in this case." Plaintiff requested leave to take Ms. Gregory's deposition to discover facts related to the incident and for the purposes of refuting Defendant Sherer's testimony about his discipline. The Court found the communications between Sherer and Gregory during their March 2023 meeting are attorney-client privileged, and denied Plaintiff's request to take Ms. Gregory's deposition.

**IT IS SO ORDERED.**

---

[1] Plaintiff requested an additional deposition of Sherer after review of the redacted demand letter ordered to be produced (Issue 5).  The Court denied this request under the assumption that the defendants are not intending to adduce testimony from Sherer on the matters raised in the demand letter, including the November 2022 Value Lines complaint and resulting investigation completed in February 2023.

Dated this 20th day of March, 2026.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge

The deadline for filing objections under NECivR 72.2 to the undersigned magistrate judge's March 6, 2026, and March 19, 2026, rulings is April 3, 2026.