**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| **RYAN D. WILKINS,** | |
| **Plaintiff,** | **8:22CV239** |
| **vs.** | **ORDER** |
| **UNION PACIFIC RAILROAD COMPANY, and LEONARD SHERER,** | |
| **Defendants.** | |

This matter comes before the Court on an unresolved dispute following the telephone conference held with counsel for the parties before the undersigned magistrate judge on April 10, 2026. (Filing No. 212). Specifically, Plaintiff challenges Union Pacific's designation of Rodd Doerr's testimony in response to Topic No. 4 of Plaintiff's Rule 30(b)(6) Deposition Notice and two deposition exhibits as "Attorneys' Eyes Only" ("AEO") under the stipulated Protective Order (Filing No. 59). In accordance with the Court's directions during the telephone conference, the parties submitted position statements, a transcript of the deposition, and the two exhibits at issue, which are attached to this Order.

The protective order in this case provides that counsel for a party disclosing confidential "Discovery Material" may affix a "CONFIDENTIAL" designation to such materials. (Filing No. 59 at p. 2). Confidential discovery material includes, among other items:

> a. Commercial information relating to any party's business including, but not limited to, tax data, financial information, financial or business plans or projections, proposed strategic transactions or other business combinations, internal audit practices, procedures, and outcomes, trade secrets or other commercially sensitive business or technical information, proprietary business and marketing plans and strategies, studies or analyses by internal or outside experts, competitive analyses customer or prospective customer lists and information, profit/loss information, product or service pricing or billing agreements or guidelines, and/or confidential project-related information;
>
> b. Personnel data of the parties or their employees, including but not limited to . . . employment counseling, discipline, or performance improvement documentation;
>
> c. Information concerning settlement discussions and mediation, including demands or offers, arising from a dispute between a party and a non-party;

d. Medical or mental health information;

e. Records restricted or prohibited from disclosure by statute; and

f. Any information copied or extracted from the previously described materials, including all excerpts, summaries, or compilations of this information or testimony, and documentation of questioning, statements, conversations, or presentations that might reveal the information contained within the underlying confidential Discovery Material.

(Filing No. 59 at p. 2). The protective order provides that counsel for a party may further designate such material as "CONFIDENTIAL—ATTORNEYS' EYES ONLY" ("AEO") if counsel "concludes in good faith that the material is or contains non-public information that is highly sensitive proprietary information including, but not limited to, trade secrets, privileged information, or nonpublic technical, financial, personal or business information." (Filing No. 59 at p. 3). The protective order sets forth the procedure for the receiving party to challenge a producing party's confidentiality designation, including conferring in good faith to resolve the dispute and contacting the assigned magistrate judge if they cannot resolve the dispute. The producing party "bears the burden of proving it was properly designated" as Confidential or AEO. (Filing No. 59 at pp. 7-8).

Topic 4 of Plaintiff's Rule 30(b)(6) Deposition Notice provides, "For 2018 through the present, internal reports, via the Values Line or otherwise, concerning Defendant's compliance with or violation of the Federal Railroad Safety Act, including but not limited to any internal findings or remedial actions taken in response to same." (Filing No. 147; Filing No. 204). Union Pacific asserts it prepared two exhibits, Deposition Exhibits 111 (UP211227–UP211233) and 112 (UP211234), solely to prepare Doerr to provide testimony regarding Topic 4. Exhibit 111 is a spreadsheet identifying 304 complaints of alleged retaliation under the Federal Railroad Safety Act for the time period of January 1, 2018, through January 31, 2026. Exhibit 111 includes case numbers, summaries of the underlying allegations, descriptions of the job positions involved in the underlying incident or occurrence, the primary and secondary issues forming the basis for each complaint, outcomes of each complaint, and any remedial action taken, but does not names, addresses, or other personal identifiers of the complainants. Exhibit 112 is a table summarizing the complaints in Exhibit 112 and whether they were substantiated or unsubstantiated. Union Pacific asserts it properly designated these Exhibits as AEO because they are "non-public . . .

2

financial, personal . . . information" under the protective order.  Union Pacific likewise asserts Doerr's testimony regarding the Exhibits is properly designated AEO.

Plaintiff counters that the documents at issue do not constitute trade secrets or competitively sensitive commercial information, but are instead internal reports and testimony concerning alleged FRSA violations and safety complaints—information that is factual, compliance-related, and central to the statutory framework governing railroad safety.  Plaintiff additionally points out that the Court previously addressed Union Pacific's objections to Plaintiff's Rule 30(b)(6) Notice, and that Union Pacific did not object to Topic No. 4 (Filing Nos. 158; 160).  Plaintiff asserts the information is "core liability evidence, not peripheral material, and restricting Plaintiff's access to it is improper."

After review, the Court finds Plaintiff's arguments persuasive and finds the "Confidential" designation is adequate protection for the exhibits and deposition testimony at issue.  The documents designated as AEO do not contain names, addresses, or other personally identifiable or sensitive information that might otherwise justify heightened AEO protection. The protections of the "Confidential" designation under the protective order are adequate to protect Union Pacific's concerns as to the Exhibits and deposition testimony.

**IT IS SO ORDERED.**

Dated this 21st day of April, 2026.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge